UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JAMES THORNBERG, | Civil No. 18-501 (JNE/DTS) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

---

In 2002, petitioner James Thornberg pleaded guilty to charges of wire fraud and money laundering in the United States District Court for the District of South Dakota. *See United States v. Thornberg*, 326 F.3d 1023, 1024 (8th Cir. 2003). As a result, Thornberg was sentenced to a total of 96 months of imprisonment with three years of supervised release to follow. *Id.*; Petition at 1 [ECF No. 1].[1] While serving that prison term, Thornberg absconded from the Federal Prison Camp in Duluth, Minnesota, remaining on the lam for over six years until finally apprehended in 2010. *See United States v. Thornberg*, 676 F.3d 703, 705 (8th Cir. 2012). For this, Thornberg was found guilty of escape from custody and received another 30-month term of imprisonment in this District (to be served consecutively to the term imposed in South Dakota), with three

---

[1] Throughout the habeas corpus petition, Thornberg refers to his terms of supervised release as "probation." *See, e.g.*, Petition at 1. While the two are similar in some respects, a term of probation is imposed *in lieu of* imprisonment for an offense, *see* 18 U.S.C. § 3561, while a term of supervised release is imposed to *follow* a term of imprisonment, *see* 18 U.S.C. § 3583(a).

1

years of supervised release again to follow. *Id.*; Petition at 1. Thornberg completed his term of imprisonment on September 6, 2017, *see* Petition at 2, and is now subject to the conditions of supervised release imposed on him both in this District and in South Dakota.

This matter is before the Court on Thornberg's petition for a writ of habeas corpus.[2] *See* 28 U.S.C. § 2241. Thornberg's habeas corpus claim goes like this: Under the statute governing the wire-fraud offense for which he was convicted, the South Dakota court could not have lawfully imposed a term of imprisonment of longer than 60 months. Had the South Dakota court in fact imposed a term of imprisonment of 60 months or less —rather than the 96 months that Thornberg in fact received — then his release from detention would have been effected much sooner. And had the release from prison been affected sooner, Thornberg's concurrent terms of supervised release would likewise have begun sooner and would at this point have expired. Thornberg therefore asks that the Court to correct the South Dakota sentence, deem that his supervised release terms were "served" while he was in prison, and free him from all ongoing supervised-release obligations.

---

[2] The review of the petition is conducted pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Although Thornberg's petition is not brought pursuant to 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases may nevertheless be applied. *See* Rule 1(b).

The petition is fatally flawed for at least two reasons. *First*, the Court lacks jurisdiction over the petition.[3] What Thornberg ultimately seeks is a declaration from the Court that a sentence imposed by another federal court was unlawful. But "[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under [28 U.S.C.] § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought in a habeas petition, unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus [on] behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). The "inadequate or ineffective remedy" exception is often referred to as the "savings clause." *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

Neither the Supreme Court nor the Eighth Circuit Court of Appeals has set forth the exact contours of the savings clause. It is clear, however, that the savings clause applies very narrowly. For example, "[i]t is well established that in order to establish a

---

[3]   This Court assumes, for purposes of this Recommendation, that Thornberg's petition was filed in the proper venue, as Thornberg resided in Minnesota and was therefore serving his term of supervised release in Minnesota at the time this action was filed.

remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah*, 392 F.3d at 959.  Thus, it is not enough to show that a motion under § 2255 would now be untimely, or that the motion is now barred as "second or successive."  *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases).  At a minimum, the petitioner seeking to invoke the savings clause must show that he "had no earlier procedural opportunity to present his claims."  *Abdullah*, 392 F.3d at 963; *accord United States v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.").

Nothing prevented Thornberg from raising the issue of his putatively unlawful sentence on direct appeal or in a motion under § 2255 filed in the District of South Dakota.  That Thornberg did not avail himself of these opportunities does not render § 2255 inadequate or ineffective to challenge his sentence.  The exclusive-remedy rule of § 2255(e) therefore applies, and Thornberg cannot seek habeas corpus relief in this District from the South Dakota sentence.

*Second*, even if this Court did have jurisdiction over the habeas petition, Thornberg's claim is without merit.  Thornberg is correct that the maximum sentence for wire fraud was 60 months' imprisonment at the time he was convicted in South Dakota. *See* 18 U.S.C. § 1343 (1994).  That said, Thornberg received a sentence of only 60 months' imprisonment for committing wire fraud; the remainder of his 96-month sentence consisted of a consecutive 36-month term of imprisonment for money

4

laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i).  *See Thornberg*, 326 F.3d at 1024-25.  Neither the sentence imposed for wire fraud nor the consecutive sentence imposed for money laundering exceeded the maximum sentences imposed by the statutes criminalizing wire fraud and money laundering, respectively.  By all indications, Thornberg served the appropriate amount of time in prison, and he is now properly subject to conditions of supervised release.

In any event, this Court lacks jurisdiction over the habeas petition for the reasons explained above, and it is therefore recommended that this matter be dismissed without prejudice on that basis.  Thornberg's motion for a response for the government [ECF No. 3] should be denied, as no response is necessary in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.
2. Petitioner James Thornberg's motion for a response [ECF No. 3] be DENIED.

Dated:   April 18, 2018

*s/ David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).